**FILED**

August 25 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0402

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 283

THOMAS E. HART, JR. and KIMBERLY R. HART,

Plaintiffs and Appellants,

v.

JAY CRAIG and TWILA CRAIG,

Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 07-0600
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Mark L. Carman, Carman Law Office, PC, Billings, Montana

For Appellees:

Daniela E. Pavuk and Bruce F. Fain, Crowley Fleck, PLLP, Billings, Montana

Submitted on Briefs:  April 29, 2009

Decided:  August 25, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    In 1988, members of the Craig family purchased the property in question from members of the Hart family. The deed conveying the property contained the following reservation:

> EXCEPTING and RESERVING, however, unto the Sellers/Grantors and their heirs and assigns forever, all of the coal, oil, gas, metals and other minerals and mineral rights, whether metallic or non-metallic, lying in, under or upon said lands, and including the perpetual right of ingress and egress to and from said lands for the purposes of drilling, exploring, mining, producing and in every way operating for such minerals and removing the same; and including all rights in and to all leases and royalties therefor.

¶2    The Craig family conveyed the property to Jay Craig. The reserved mineral interest has been conveyed to Thomas and Kimberly Hart as joint tenants. Subsequent to these conveyances, the Craigs mined and sold sandstone from a quarry on the property. Harts brought suit in the Thirteenth Judicial District, Yellowstone County, claiming that they had reserved the sandstone pursuant to the mineral reservation, and praying for judgment that the Craigs owed them the amount the Craigs had been paid for the sandstone. The Craigs answered, claiming that sandstone was not a mineral reserved by the Harts. Both parties moved for summary judgment. The District Court granted the Craigs' motion, ruling that sandstone had not been reserved in the deed. The Harts appeal.

¶3    We review a district court's decision to grant summary judgment de novo. *Libby Placer Mining Co. v. Noranda Minerals Corp.*, 2008 MT 367, ¶ 25, 346 Mont. 436, 197 P.3d 924. The moving party must establish the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Libby Placer Mining Co.*, ¶ 25; M. R. Civ. P. 56.

We review for correctness a district court's conclusions of law. *Libby Placer Mining Co.*, ¶ 26.

¶4     The issue before the Court is whether the District Court erred in its conclusion that sandstone is not a "mineral" that was reserved in the deed from the Harts to the Craigs.

¶5     In early 2006, the Craigs began to operate a pit to extract sandstone. The sandstone was sold for rip-rap and landscaping. The sandstone mined is orthoquartzite in character and tends to be somewhat harder than typical sandstone. It also tends to fracture into blocks. Thus, it is suited for landscaping and rip-rap. However, this rock is not very special, nor is it exceptionally rare and valuable. It does not have to be changed, refined, or processed to be used commercially.

¶6     In this case, we are dealing with a general mineral reservation containing the word "mineral" but not stating that sandstone is a mineral that is reserved. Thus, our task is to analyze whether the sandstone in question falls within the category of "minerals" in the reservation. In *Farley v. Booth Bros. Land and Livestock Co.*, 270 Mont. 1, 890 P.2d 377 (1995), this Court addressed a not dissimilar mineral reservation to decide if scoria, or rock which results from burning coal outcrops, was a reserved mineral. The Court applied the reasoning from an often-cited 1949 decision of the Supreme Court of Texas to answer the question:

> In our opinion substances such as sand, gravel and limestone are not minerals within the ordinary and natural meaning of the word unless they are rare and exceptional in character or possess a peculiar property giving them special value, as for example sand that is valuable for making glass and limestone of such quality that it may profitably be manufactured into cement. Such

3

substances, when they are useful only for building and road-making purposes, are not regarded as minerals in the ordinary and generally accepted meaning of the word.

*Heinatz v. Allen*, 217 S.W.2d 994, 997 (Tex. 1949) (cited in *Farley*, 270 Mont. at 6-7, 890 P.2d at 380; *Holland v. Dolese Co.*, 540 P.2d 549, 550-51 (Okla. 1975)). Considering these criteria, the *Farley* court held the use of scoria in constructing roads did not elevate it to the status of rare and exceptional and thus a general mineral reservation did not apply to the scoria. *Farley*, 270 Mont. at 5-8, 890 P.2d at 379-81.

¶7 The sandstone at issue in this case is not exceptionally rare and valuable. The composition of the sandstone is not valuable for production purposes based upon a refining process, such as limestone that is particularly appropriate for making cement or sand that is particularly appropriate for making glass. Using sandstone for landscaping and rip-rap is analogous to using ordinary rock for road making and building purposes. Sandstone is not rare or exceptional simply because it can be sold commercially.

¶8 Considering the established facts of this case, the sandstone is not a mineral included in the general reservation at issue. The District Court did not err in granting the Craigs' motion for summary judgment.

¶9 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JIM RICE

4

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON